Good afternoon, everybody, and welcome to the First Division of the First District of the Illinois Appellate Court. Today we are here to hear case number 1-21-1350 Brighton Properties, LLC, Addison, Sirius, etc. v. Kids' Work Chicago, Illinois. With me, you'll see my colleagues, Justice Michael Hyman, Justice Mary Ellen Coughlin, and I would just remind you that we've read the briefs, we've read the record, we're familiar with this case, we advise people to start with their best point and work down from there. Normally we'll give people 10-15 minutes to make their point, during which we may ask questions. And of course, the appellant always has the opportunity to reserve some time for rebuttal. So with that, I'll ask you to introduce yourselves, please. Counsel for the appellant. Good morning, Your Honors, or good afternoon, Your Honors. Doug Pax and my colleague David are here on behalf of the plaintiff appellant's landlords, and I believe my client Kevin Breyer is also on. Did you intend to have one of you argue this? It's just going to be me. Great. And then that would mean for the appellees, Ms. Kopalski? Yes, good afternoon, Justices. Stephanie Kopalski on behalf of Kids' Work Chicago, Inc. Okay. All right. With that, we'll let the appellant begin, please. And Your Honor, I'll reserve five minutes for rebuttal, if that's okay? Sure. May it please the Court, and having argued before you in this case, and having listened to the arguments that you've had in other cases, I was anticipating that you might suggest that I get to my best argument right away, and I'll do so. In this case, Your Honors, I contend that the most compelling argument for why this Court should reverse the judgment in favor of Defendant's Kids' Work, and I should remind you, a judgment which was based solely on the fact that the plaintiffs allegedly did not meet their burden of proving that the five-day notices demanding payment of outstanding rent were, in fact, served on the tenant's kids' work, is that the trial court erred by not reopening the evidence to allow for the admission of the signed certified mail signature cards into evidence, which would have provided further proof of delivery of the five-day notices to the tenant. Now, why was reopening appropriate, and why do I believe the trial court's failure to do so was an error, and more particularly, why do I think that's the most appropriate resolution to this appeal? I think there's three reasons. One, if you reopen the evidence to allow the admission and to recall a witness and allow the admission of the certified mail signature cards, the Court will simply be confirming what Kids' Work had already admitted was true when it argued in the first day of the continued trial, pursuant to a 2-619 motion to dismiss, that it had received the five-day notice that they had been served and delivered on May 18, 2020. And in support of that argument, in fact, to the Court, the certified green, they're called green cards, I think we all know that, the certified mail signature cards, green cards, to the Court to establish the date of delivery to support this argument. What you're talking about is judicial admission, right? Yes. Okay. So, I'm trying to think, why should you have to reopen? I mean, you said your best argument is Well, Your Honor, I think that those are, I think there's no question in my mind, I would contend that those are judicial admissions that the Kids' Work made in that motion to dismiss and by presenting evidence of the date of delivery, right? The concern or the reason why I'm leading with the issue of opening the evidence is simply that if, well, because I think that there's no question that during the course of the trial, we asked to reopen the evidence. Maybe we didn't formally move in a written submission to reopen the evidence, but in response to a motion for directed verdict that was made at the close of our case in chief, we made several arguments. And specifically, one of those arguments was, we would like to recall Tom Staunton, the representative that we had previously called, but testified about the mailing by certified mail of the five-day notices. With respect to the judicial admission, I have to be honest, Your Honors, I think the record's clear and I'm not trying to misstate the record. At no point did we say to the trial court their statements in the motion to dismiss is a judicial admission that removes the question of delivery of the five-day notices from the facts that need to be proven at trial. We never said it's a judicial admission. We certainly talked about it, the effect of it. The parties talked about it during trial. The court recognized that it had received evidence of the delivery. And so, the Kitzwerg primary argument in response to the judicial admission argument is, well, you only brought it for the first time on a motion to reconsider, right? That's improper. The trial Let's look at it. What's your response to whether it's improper? I don't think it is, Your Honor. And the reason why I say that is, the case that we cite, it's particularly Nissan. I'll give you the full site. Nissan Motor, right? I think that case is directly on point with the present case, right? It's a bench trial. The court enters a judgment in favor of the defendant because the plaintiff failed to meet the burden of proof, proving a personal guarantee. The party or the plaintiff never argued that there was a judicial admission. They certainly talked about the fact that there was an answer or there was an admission in the answer that said that the guarantee attached to the complaint was a true and accurate copy. And that was in response to an objection, but they never moved to have it deemed a judicial admission. Like that, the parties in this case talked about the impact of the court's ruling on the motion to dismiss, and in particular, KidsWork's admission regarding delivery. I think we pointed out to you that when we were talking, when Mr. Strube, who was lead counsel at trial, was explaining what the scope of Mr. Staunton's testimony would be, he specifically said, you know, look, I think that it'll be short because you've already ruled on this issue in the past. You said, I've found, I've received evidence of the date of delivery. I've concluded that the five-day notices are not defective because they provided an appropriate amount of time. So I think that that case provides a mechanism that allows, in this particular instance, for us to raise that on a motion to reconsider for the first time in making, and I don't, I'm trying to be careful about not misstating the record. That's the first time in the motion reconsider, we said it's a judicial admission, it's binding. We didn't even have to enter any evidence, but we certainly talked about it and alluded to it. Let me, let me ask you a question. Is a judicial admission under the law in Illinois evidence? As I understand it, I think the law provides that a judicial admission effectively removes an issue from evidence. It doesn't have to be introduced at trial. I think that's, so that's right. So, I mean, there's evidentiary admissions and there's completely different, and there's judicial admissions. So judicial admission takes it out. Now, so now the question comes with regard to reconsideration. Can it be brought up? I mean, as it was in your case, they didn't put on any case, right? There was nothing different when the judge ruled before her than there was the day before when, when she had indicated. On the Friday when she denied the motion for directly. Exactly. So we know what the standard is, right? That's essentially a determination of I'm weighing the evidence. I'm determining credibility. I'm applying the burden of proof. I find that defendants not entitled to a judgment, which is effectively saying plaintiff is unless contradictory evidence or additional evidence is submitted. But I understand. So, so my question becomes on what basis then should the court find, if it should, that it is permissible to bring up judicial admission in a motion for reconsideration? Hey, you, they argue, you know, with regard to evidence, if you, you could have brought it up before, right? You know, you can't bring in new evidence in reconsideration. That's true. But, but with this is a judicial admission. So my question is, what is your argument that that law with regard to evidence does not apply in this situation because this is judicial admission? Yeah, sure. Certainly a judicial admission is not evidence. It doesn't have to be introduced at trial. So I don't have to present to the trial court, especially in a bench trial, right? That this constitutes a judicial admission. And so that I think that it's appropriate in a bench trial on a motion to reconsider, to bring that argument to the judge's attention, just as they did in Nissan. And I don't think that that's prejudicial in that it's not as if there's a jury, right? That has to hear the admission in order to understand that it's been determined. A bench trial is much more informal in that regard. And so that bringing it up on a motion to reconsider, I think is appropriate. And I think that's what the Nissan court recognized. And I think that part of, sorry, Your Honor. I just wanted to rewind a little bit. So here, the green cards were brought in as an exhibit, and the judge saw them. And she acknowledged that she saw them, used the word evidence. They were never admitted into evidence by anybody. They were an exhibit. But the judge talked about them and said, I've seen them. They have the right date. They have the right signature. So to me, bringing it up on a motion to reconsider isn't really even the issue because this judge has already said, I saw those. And what you're doing in this motion to reconsider is saying, reminding her, she saw them. She was holding them. She looked at them. She already decided that they were okay. So I don't have any problem. I'm not as troubled by that as my colleague is. Okay. So yeah, I think that in a situation where you're dealing with a bench trial, right, and the judge is the trier of fact, you're right. No one admitted them into evidence, but the judge very clearly said in denying the motion based on a 619 motion, which isn't an admission of the allegations of the complainants. Here is an affirmative fact beyond what is pled that entitles us to relief said, I have received evidence of delivery, meaning the green cards that were presented to them by the defendants during the argument on the motion to dismiss. And I find that based on that evidence, right, those exhibits that shows delivery in May of 2020, that the five day notices were not defective because they provided a sufficient period of time, right, for the tenant to make the payments as required under the eviction act. So in this motion to reconsider, you're not really bringing up something totally new, pulled out of the sky that no one's ever, ever, ever seen. You're reminding the judge, you've already seen this. You've already said this. So I think that cuts a different cloth. I think you're right, your honor. I think that this is a fair point in that it is something that was previously argued to the trial court during the course of trial, but not as part of the trial testimony or as part of closing argument, but certainly something that was argued. So I think that you're right in that being able to remind the judge of that fact is appropriate. I just was concerned with the fact that, you know, if you look at me in the eye and you say, Mr. Bax, did you ever in closing argument or did Mr. Struber ever in closing argument say, we don't have to prove delivery? It was admitted. It's therefore not an issue. We never said that until we made the motion to reconsider. Now, I think based on the description, based on what you're saying, I think that that's perfectly appropriate. And I think it's appropriate given the ruling by the Nissan court. But, you know, I don't think there's any question that the statements made in support of the 619 motion by Kidsworth and the submission of the green cards constitutes a judicial admission. I don't think there's any question of that. And if it is a judicial admission, you know, Justice Hyman pointed out, it's not evidence. It removes the issue from the case. You no longer have to prove it. And as a result, our failure or the proposition that we failed to prove it at trial as the basis for the entry of judgment against us in favor of the defendant is an error. At the same time, right, if the court, if this court says, look, I think you may not be able to raise the issue of judicial admission for the first time in a motion to reconsider, I think given the circumstances a wary defendant, right, submits exhibits that are going to be the evidence that we now want to reopen the evidence to admit, that is a circumstance where a trial court is perfectly, it's perfectly appropriate for them or to reopen the evidence, except the very exhibits that have already, they've already seen them and presented to them so that the case can move forward. And I think that it can do it in a different way. It can do it if I ask for it during trial, which I contend we did in response to the motion to direct and verdict. We asked to recall Tom Stanton. We did it in the motion to reconsider, which case law says you can ask a court after entry of a judgment in a motion to reconsider to reopen evidence and accept new evidence. If there's a sound basis in the record for doing so, and I, for all the reasons that I've been describing, I think there is a sound basis. The court can do it sua sponte, right? It can on its own for, you know, in order to ascertain the truth is, and as long as there's an appropriate basis for it in the record, it can do it sua sponte. And I think your honors, why I think that that would be appropriate in this case, as well as we've asked for it both during trial and after trial, but the court could have done it sua sponte is as Justice Hyman pointed out, the court denied the motion for directing verdict, essentially telling us you proven your case beyond our, by a preponderance of the evidence you've met every element. And then the next court day was, that was an argument on Friday. The next following Monday on the very same evidence said, no, you haven't. So, and I don't, I'm not saying that the courts, the trial courts ruling on Friday is binding on it. It can always reconsider its decision, right? And it apparently did so sua sponte. But if it does that, I think that we to fix its error, if it believes it was an error, we're entitled to that same leeway, right? The right to correct our omission, our inadvertent mistake in failing to admit the green cards during the testimony of Mr. Staunt. And so I wasn't going to ignore the argument on the judicial admission, but I wanted to make sure that it just seems to me that the goal, the goal of any trial, I think it's fair to say is to ascertain the truth, right? And I think that it's fair to say also that we, me and Mr. Strube could have done a better job at trial in asserting and ensuring that the green cards were admitted during Mr. Staunt's testimony and that we failed to do so. I think we have some legitimate excuses for why we didn't. The fact that we were trying to comply with the judge's schedule with respect to how long witnesses could be examined, a schedule that was set because of not our actions, but the actions of defense counsel. The fact that the defendants had admitted the receipt of that evidence. My point being is that in circumstances like that, I think the court could say, you should get the same opportunity that I have to correct the error and to admit the exhibits. Any questions? Okay, fine. Thank you, Mr. Bax, Ms. Kowalski. Yes, good afternoon again, justices, counsel, may it please the court. The trial court's judgment after a bunch trial must be affirmed because the plaintiffs failed to enter into evidence, evidence that would help them meet their burden of proof at trial. They didn't have to put it into evidence because it was a judicial admission, wasn't it? It was not a judicial admission, your honor. It was an argument made. No, no, let's, let's, let's They showed the lawyer, I don't know, whoever the lawyer showed the green card to the judge. Yes, your honor. Yes, I was the one arguing. Yes, I was personally the one arguing. You showed it to the judge. The reason I did that is to show that you weren't missing any words. You said this shows that it was served. We said it was served, right? On March, on March 18th. Your honor, the document speaks for itself. No, no, it doesn't. I've never heard a document speak. Okay. So, but you did speak. So your words, and I have, I can look them up before me. So you specifically said that the judge in the, with regard to the motion to dismiss, you said plaintiff's trial Exhibit F shows that this, the five-day notice, they mailed by certified mail was delivered on May 18th, 2020. This was delivered on 5-18. Now looking at the calendar of May 2020, the 18th falls on a Monday. Five days, you know, then you said the notice expires on Saturday. So when you said that, though, why isn't that an admission? Your honor, that was an argument that was being made on a 2619 motion to dismiss. No, no, it's not an argument when you say certain facts. Okay. Now you're not arguing, you were in order, either you were trying to mislead the court by saying that it was served on May 18th. You weren't trying to do that, of course. I was taking as true plaintiff's exhibit, which is the basis of a 2619 motion to dismiss. You take as true the allegations and the complaint, and you take as true the exhibits that were going to introduce at trial, and you say, assuming that this is true, you did not say assuming, did you? I did not have to, because that is not how a 2619 motion to dismiss works. It's a yes, but motion. And besides, that motion was denied. That's a break in the litigation. Then we went to trial, and under Illinois Supreme Court rule 181B, there was no answer ordered after the motion to dismiss was denied. And the defendant, the tenant, is proceeding to trial, and all the allegations are deemed denied. And we have any defense available to us at trial as if it was specifically pleaded. But that doesn't apply to judicial admissions. So it's in the same case. So the question comes down to whether that was a judicial admission. I mean, that's one issue. I mean, counsel has made a couple arguments with regard to it. One is judicial admission. So your response to judicial admission is all that was was argument? Yes, Your Honor. And Mr. Bax acknowledged as much in his rebuttal on the motion to dismiss. And he said, quote, So I think that those arguments are entirely improper, to the extent that they are relying on evidence that they hope to obtain at trial. That's in the June 1st transcript on page 78, lines one through four. Mr. Bax himself acknowledged that that was not in evidence, because that was an argument that was being made on a motion to dismiss. That motion was denied. All the allegations were deemed denied. And any defenses were not available to us at trial. Any other argument flies in the face of they had five or six boxes to check. You just use the word evidence. And of course, you agree, judicial admissions are not evidence. Is that correct? A judicial admission itself can be evidence. No, under Illinois law, give me a case that says under Illinois law, judicial admissions are evidence. Did you have a case that says that? I do not at this point, but I will be more than happy to supplement. No, because that's not the law in Illinois. It takes it out of the case as an issue. Now, an evidentiary admission is evidence. So there's a difference. And Mr. Bax admitted that they never told the judge the words judicial admission until after the trial on the motion to consider. So we know that that's what he said. And you don't disagree with that. I don't disagree with what he said. But I mean, he relied on the Nissan case, for example. And in that case, there was a judicial admission, except the defendant in his verified answer to a guarantee. And then in that same answer, he admitted that a copy of it was attached to the complaint. And then they were allowed to use that as a judicial admission. But in this case, it was a lawyer who did it orally, right? That's the allegation. It was argument. It was argument. It doesn't matter whether it's a lawyer or the party, does it? Or a witness for the party? Well, that depends because it depends on whether the statement that is being made is within that party's personal knowledge. Well, a lawyer represents the client. And you're not saying under Illinois law, lawyers can't make judicial admissions take issues out of the case, are you? I think it depends on the facts and circumstances of the case. Of course, it depends on whether it's a judicial admission or not. Your Honor, for it to be a judicial admission on a 619 motion to dismiss, you would have to go outside of the complaint. We did not go above and beyond what the complaint said. The complaint said kids work was served. We assumed that was true. Their potential trial exhibit said it was served on May whatever. We assumed that to be true. You showed the judge the green card. Now, you didn't say this is a fake green card or anything. You showed the judge the green card and said it was served on May 18th, correct? I assumed that what the plaintiff stated was true. No, that's what the document said, right? The document stated, it said, and that was the whole argument. Otherwise, were you trying to mislead the court on the argument? No, I don't think you were at all. I think you said this green card says May 18th, and you showed it to the judge, and you were saying that they were served on May 18th. That's what the document reflected. That's right. Yes, the plaintiff's potential trial exhibit reflected that. I assumed that that was true, and then I argued that all of that is true. Well, you didn't say assumed and- It was defective. It was the whole basis underlying your argument. Well, Your Honor, that's the point of a 619. It's a yes but motion. Yes, everything is true, but you lose because it's defective. That is the point of a 2619 motion. They were given ample opportunity throughout the entire trial to correct the many mistakes that they have made. The court itself- We're not looking at any other mistakes right now. We have the one issue is whether on the motion for reconsideration, they can either consider it a reopened and allowed the testimony or just simply accepted the evidence that had been presented, if I understand Mr. Banks. That's their argument. My question to you is, if we disagree with you on Nissan, do you lose? If you disagree? Yes. No, we do not. Why? Because, I mean, are you saying taking everything that's in the trial record right now- I'm saying that if we follow Nissan and say that Nissan applies here, you try to distinguish. If we say Nissan applies here, do you lose? You said no, so I'm asking you on what basis? Because they did not make that argument before- No, they didn't. What do you mean, make what argument? They did not argue that there was a judicial admission at any point in time. And the steps that they took- No, no, they did it in reconsideration. Again, it's not evidence, it's whether the issue is taken out of the case. So they did it, and they admit it, they did it in the motion to reconsider. So that's basically what happened in Nissan. But it's too late for that. Well, it wasn't too late in Nissan. That's why I'm saying, if we say Nissan applies, do you lose? No, because the court did not abuse its discretion in denying their motion to reconsider. But it's not a question of abuse of discretion. It's not abuse of discretion, it would be an incorrect legal decision. Your Honor, it would have to be against the manifest weight of the evidence in order to be overturned, because we are here after a bunch trial, and this court hasn't a dry record before it. And this court under Illinois law is not allowed to substitute its judgment. No, no, it's a legal question. It's a legal question. Okay, so stay noble. So the legal question is, whether in a motion for reconsideration, when somebody, same as the issue was in Nissan, where they're bringing up something as being a judicial admission, and whether the court should take that. And in Nissan, yeah, you can do it that way. That's fine. It's a way, it's an exception to the, it gets around any problems with the motion for reconsideration. So if we follow, I'll just say the last of my escapades. If we follow Nissan, I'm not sure I you would still win, but go ahead. Because there is no judicial admission, and this court cannot find that there was a judicial admission that would literally take away the entire point of Supreme Court Rule 181. Because either you're allowed, either everything is denied, and you go to trial in this condensed proceeding with a deck already stacked in front in favor of the plaintiff, the landlord, that would take away even more of the due process rights of the tenant. And besides the fact, the five-day notice and the stamp, the green card receipt that was submitted, that wasn't submitted into evidence, but that was relied upon, was sent by the prior plaintiffs. Now, I know your honors know the procedural history of this case, and the fact that there plaintiffs substituted, new plaintiffs substituted into the middle of this case, in the middle of trial, with dozens of new documents and hundreds of pages of new documents, they are relying on a five-day notice that was submitted by the prior plaintiffs, who are no longer parties to this action. Did you make that argument before the trial court? Yes, we did make that argument. Did you make it before us? Did you make it before us in your brief? No, I don't remember it. I believe so, your honor, because if your honor reverses, we will be right back here because of what transpired at trial. So, we will, if we reverse, my understanding is the case is over, and you lose. Well, your honor would have to remand. That's right. And they're relying on documents of a prior party. Wait a minute. I thought that you already said that you brought up the green cards, because you were trying to argue that you only had four days to respond. Instead of five. So, it wasn't the plaintiffs that brought in the green cards, you brought them in. I did not admit them into evidence. They were not attached to my motion to dismiss. I screen-shared them for purposes of argument. I assumed them to be true. And I said, even if we take all of this as true, you lose because the notice expires on a Saturday. Where did you say that? I don't see that. Did you say, you said the words, if we take all of this as true, that's in the transcript? Your honor, that's the legal statement. I'm asking you, you just said it's a statement, okay? And you told us a statement. I just want to make sure that you, that I go back to the record. Before me, I don't have those words. I don't recall, but it's going to show in the record. And if it does, it does. I'm not, you know, I just want to make sure that you're telling us that you said on the record at that time. Your honor, I was arguing then as I am arguing now. Oh, so you did not make those, say those words at the oral argument on the hearing? Your honor, you do not have the transcript before you right now. I do not have my exact words before me. Okay. But did you say those words? You just told us you said those words. So I just, you know, I'm just want to know, I don't make an argument that you can't back up. You know, it's okay. I mean, if you didn't say those words, you can say, I don't recollect that you said those words. That's fine. We can check the transcript. Your honor, I do not recall if I used those words, I was arguing under the standard of a 619 motion, which assumes the facts to be true and then argues, but you still lose. Okay. Okay. I still, I want to just go back to these green cards. So there's green cards and they show that the green cards were delivered on May 18th and the defense produces them to the judge and the judge looks at them and says, yep, it shows I have these green cards. I'm looking at them. They were delivered on May 18th. So the judge saw them. They're not in the ether someplace or just referenced in a motion. They were physically somewhere important. The judge saw them. Is that a correct statement? We were on zoom and I screen shared them, but your honor, that argument would completely wipe out a 619 motion to dismiss. If everything that is argued in a 619 becomes a judicial admission, then what's the point of making a plaintiff prove their case, that trial that would completely debunk a 2, 6, 19 motion to dismiss. And that's specifically why I personally have written in a court order denying a 619 that I'm allowed to bring the defense, the same defenses again, later on at trial, because that is the whole point of a 619 motion to dismiss. You assume things as true and you say, but you still lose. And then you're permitted to raise those same defenses at trial. Finding my argument to be judicial admission would completely risk eviscerate Supreme court rule 181 B and 2, 6, 19 motions to dismiss. This would be a complete change in the law. And not to mention these plaintiffs have had the trial court clearly bent over backwards and she acknowledged as much at, we left her no choice. She was left with no choice, but to roll for the defense, even though she had given these plaintiffs so many opportunities. Any questions? I have one last question. Uh, in your brief, you write plaintiff's reliance on Nissan conflates judicial admissions made in pleadings by a party with judicial admissions made an argument by a party's council. What does that mean? Well, in Nissan, there was a verified answer to a verified complaint where the defendant himself admitted under oath that the allegations in the complaint were true. What they are trying to do is take an oral argument on a 619 motion to dismiss and turn it into effectively a verified attestation made by the party themselves. And like I said before, even if the green cards were in evidence, we would still be back here before your honors, because even the new plaintiffs that were substituted into the case in the middle of trial did not have the right to possession. And they did not have a right to judgment. And we would be arguing that and the court's ruling is not against the manifest weight of the evidence. And the trial court did not abuse its discretion. Now, if there are no other questions, I will conclude my argument. No questions. All right. Fine. Mr. Bax. I'll make it quick, your honor. Um, or your honors. First of all, I think that it's clear that judicial admissions can be made in motion practice. We cited three separate cases that hold that, including Prentice versus UDC, Licon, LCHON versus Acetyl Chemical, and Abruzzo versus City of Park Ridge. They all recognize that statements made in support of motions to dismiss, in fact, can be judicial admissions. Now, Abruzzo in particular says you have to look at the nature of the statement, in support of the motion to dismiss. And Justice Hyman, I think you pointed out, if they say, I'm assuming this allegation and complaint as true for purposes of this motion, it's not an admission. In this particular instance, though, the complaint that they were responding to said that these five-day notices were delivered on May 8th. And there was no green card attached as an exhibit to the complaint. All that was attached to the and the actual five-day notice. In the motion to dismiss brought to 2-619, they effectively deny the allegation that the green card that the five-day notices were delivered on May 8th, which was a Friday, and it doesn't fit with their theory, and affirmatively represented that they were delivered on May 18th, a Monday that works with their theory of it expires on a Saturday. So therefore, the notices are defective because they didn't get enough time. So I don't think that this would eviscerate 619 because this isn't, you said that in the complaint, I'm assuming it's true. What they argued was, you said this, that's not true. This is in fact true, a different date. And here's the evidence to show it, the green card that reflects delivery on May 18th. So I think that there's clearly an instance in that circumstance under Abruzzo and the other cases that constitutes a judicial admission. It is not, I'm assuming the allegation of the complaint is true by any stretch of the magic. As for the reference to the fact that I maybe said, and I don't doubt that I did in response to the motion to dismiss, that they're relying on evidence they hope to induce at trial, I think it should be, you should go back and look at that transcript because the motion to dismiss they brought on the first day of the continued trial wasn't premised solely on this argument about here's the green card and it's May 18th. They made a bunch of different arguments, a whole bunch of different arguments. And my recollection is when I was talking about that was a reference to the fact that they claimed there were other parties that should be in this case, lenders and banks that purportedly had an interest in the property. And I was saying, you haven't presented anything that suggests that there are these lenders or there is this were showing the green card and showing, hey, look, this was delivered on May 18th. So I think that there's, case law is clear that you can make a judicial admission in motion practice. I think they made it in the actual written motion in which they said five day notice expires on a Saturday. They clarified that in oral argument by the council who said, how do we get to Saturday? We start with May 18th based on the green cards. That's judicial admission. It removes the issue of delivery of the five day notice from a fact and dispute at trial. And I think Nissan says we can then raise it in a motion to reconsider after a bench trial. Go ahead. I'm sorry. I'm just asking if there are any questions. Did you have something to add Mr. Bax? Nope. That was it. Okay. Fine. Well, Ms. Kowalski and Mr. Bax, thank you for your excellent oral arguments and for your wonderful briefs. We've read them all. We'll take this matter under advisement. We'll issue an order and opinion forthwith. And with that, this court is adjourned.